Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 99 C 50330 | DATE | 3/29/01 |
| CASE TITLE | United States Liability Ins. Co. vs. Fassbinder United Builders, Inc. | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Plaintiff's motion for summary judgment
Defendant's motion to strike and renewed motion to reopen

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated on the reverse, plaintiff's motion for summary judgment is denied. Defendant's motion to strike and renewed motion to reopen discovery are denied as moot. The parties are hereby ordered to contact the Magistrate Judge within 30 days from the date of this order to schedule a settlement conference.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| X | Notices mailed by judge's staff. | |
| | Notified counsel by telephone. | MAR 3 0 2001 date docketed |
| | Docketing to mail notices. | |
| | Mail AO 450 form. | docketing deputy initials |
| | Copy to judge/magistrate judge. | |
| /LC | courtroom deputy's initials | date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

Document Number 35

(Reserved for use by the Court)

# ORDER

Plaintiff, United States Liability Insurance Company ("USLI"), has filed an amended complaint for rescission against defendant, Fassbinder United Builders, Inc. ("United Builders"), seeking to rescind a workers' compensation policy it issued to United Builders in May 1998. The court has diversity jurisdiction under 28 U.S.C. § 1332 as USLI is incorporated with its principal place of business in Pennsylvania, United Builders is (or was) incorporated with its principal place of business in Illinois, and the amount in controversy exceeds $75,000.00. Venue is proper under 28 U.S.C. § 1391(a). Before the court is USLI's motion for summary judgment, filed pursuant to Federal Rule of Civil Procedure 56.

USLI argues it is entitled to a rescission of the policy it issued to United Builders because James Fassbinder, United Builders' president, made several material misrepresentations in the insurance application he filled out on behalf of United Builders. In Illinois,[1] a material misrepresentation on an insurance application will void the policy if it was "made with actual intent to deceive or materially affects either the acceptance of the risk or the hazard assumed by the company." 215 ILL. COMP. STAT. 5/154; see also Ratcliffe v. International Surplus Lines Ins. Co., 550 N.E.2d 1052, 1057 (Ill. App. Ct. 1990). Before determining whether a misrepresentation was made with "actual intent to deceive" or is "material," however, the court first must find a misrepresentation was actually made. See Methodist Med. Center of Ill. v. American Med. Sec. Inc., 38 F.3d 316, 319 (7th Cir. 1994). Without passing on United Builders' other arguments in opposition to USLI's motion for summary judgment, including whether the alleged misrepresentations were "material" or whether USLI should be equitably estopped from relying on those misrepresentations, the court finds a question of fact exists on the threshold issue of whether Fassbinder in fact made misrepresentations on the insurance application.

USLI's application requires the applicant to describe the nature of the applicant's business and to answer a series of questions, including the following: (1) is "any work performed underground or above fifteen feet?" and (2) "are sub-contractors used?" Fassbinder described United Builders as a "concrete contractor" and responded "no" to the above two questions. Deciding whether these answers were truthful essentially boils down to a question about the true nature of United Builders' operations during the time the application was pending. See Ratcliffe, 550 N.E.2d at 1057 (defining "misrepresentation" in an insurance application as a "statement of something as a fact which is untrue and material to the risk"); Carroll v. Preferred Risk Ins. Co., 215 N.E.2d 801, 802 (Ill. 1966) (holding that insured has duty of good faith to disclose all facts materially affecting the risk during the pendency of the application). And this is a question the court finds cannot be resolved on USLI's motion for summary judgment. To be sure, much of the evidence in this case supports USLI's position that United Builders was actually a general contractor which used subcontractors and performed work over fifteen feet, meaning that Fassbinder did make misrepresentations on the application. But the record is not entirely free from dispute on this point. Other evidence, including the testimony of Fassbinder himself and his insurance broker, Robert Wlodarski, allows a reasonable inference that Fassbinder accurately described the sort of work United Builders did at the time he signed the application (and while the application was pending with USLI). In short, the court cannot tell whether Fassbinder misrepresented the nature of United Builders' business on the insurance application because it cannot tell exactly *what* the nature of that business was during the pendency of the application. To find in favor of USLI on this issue would require the court to assess credibility, weigh the evidence, and draw inferences against United Builders (i.e., the nonmoving party), all of which is inappropriate at the summary judgment stage. See Ritchie v. Glidden Co., No. 00-1253, 2001 WL 201835, at *8 (7th Cir. Feb. 27, 2001).

For the reasons stated above, USLI's motion for summary judgment is denied. United Builders' motion to strike the amended affidavit of Thomas Snyder and its renewed motion to reopen discovery are therefore denied as moot. (Alternatively, the latter motion is denied for the same reasons stated by the Magistrate Judge in his order dated February 13, 2001.)

---

[1] As the parties have assumed without discussion that Illinois law, rather than the law of some other state, governs their dispute, the court will do the same. See Checkers Eight Ltd. P'ship v. Hawkins, No. 00-2704, 2001 WL 166793, at *2 (7th Cir. Feb. 20, 2001).