Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 50330 | **DATE** | 11/5/2001 |
| **CASE TITLE** | United States Liability Ins. Co. vs. Fassbinder United Builders, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Third-party defendant's motion to dismiss

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, third-party defendant's motion to dismiss is denied.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | NOV 06 2001 date docketed | 42 |
| X | Docketing to mail notices. | | |
| | Mail AO 450 form. | | docketing deputy initials |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT CLERK | |
| /LC | courtroom deputy's initials | 2001 NOV -5 AM 10:42 | NOV 06 2001 date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# MEMORANDUM OPINION AND ORDER

On January 3, 2000, plaintiff, United States Liability Insurance Company ("USLIC"), filed a single-count amended complaint for rescission against defendant, Fassbinder United Builders, Inc. ("Fassbinder"). On February 2, 2001, Fassbinder filed a third-party complaint, impleading third-party defendants, Robert Wlodarski, individually and doing business as Romar Insurance Service, and Romar Insurance Service (collectively referred to as "Romar"). The court has diversity jurisdiction over USLIC's original complaint, see 28 U.S.C. § 1332, and supplemental jurisdiction over Fassbinder's third-party complaint, see id. § 1367(b). Venue is proper under 28 U.S.C. § 1391(a). Before the court is Romar's motion to dismiss Fassbinder's third-party complaint for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6).

USLIC's amended complaint seeks to rescind a workers' compensation policy it issued to Fassbinder based on some alleged misrepresentations made in Fassbinder's insurance application. Fassbinder, in turn, claims Romar prepared the application, procured the policy in question, ultimately is to blame for the misrepresentations, and should accordingly be held liable for any loss suffered by Fassbinder if USLIC succeeds in rescinding the policy. In its motion to dismiss, Romar essentially argues Fassbinder has, for various reasons, not adequately pleaded a claim for negligence against it. The court, however, finds none of these reasons particularly convincing and sees no basis for dismissing Fassbinder's third-party complaint at this point.

Romar first says Fassbinder has failed to allege there were any misrepresentations on the application to begin with. This argument borders on the frivolous. Fassbinder's third-party complaint incorporates the allegations of USLIC's complaint by alleging that Romar is negligent "to the extent any one or more of the grounds asserted by [USLIC] is found to be correct and that carrier is successful in rescinding the contract . . . ." (Third Party Compl. ¶ 9) The entire basis of USLIC's complaint is that the insurance application contained material misrepresentations. And paragraph 9(a) of Fassbinder's third-party complaint specifically alleges Romar "negligently provided advice with respect to [the] procurement of workers['] compensation coverage, *including . . . the completion of the workers' compensation insurance application*." This is a classic example of an insured seeking to hold an insurance broker or agent liable for any loss sustained by the insured because of a mistake or omission on the broker's part, such as obtaining a policy that is void or materially defective through the broker's fault. See, e.g., Perelman v. Fisher, 700 N.E.2d 189, 192 (Ill. App. Ct. 1998); Lazzara v. Howard A. Esser, Inc., 802 F.2d 260, 266 (7th Cir. 1986). Fassbinder's complaint more than sufficiently pleads such a cause of action.

Romar also debates, in rather confusing fashion, whether any knowledge it may have had of the alleged misrepresentations could be imputed to USLIC. See Allied Am. Ins. Co. v. Ayala, 616 N.E.2d 1349, 1362 (Ill. App. Ct. 1993); Marionjoy Rehab. Hosp. v. Lo, 535 N.E.2d 1061, 1063-64 (Ill. App. Ct. 1989). Whatever its merit, this argument depends on the assumption that Romar was USLIC's insurance agent, as opposed to Fassbinder's broker. See Zannini v. Reliance Ins. Co. of Ill., Inc., 590 N.E.2d 457, 462-63 (Ill. 1992) (discussing difference between insurance agent and insurance broker); Lazzara, 802 F.2d at 264 (same). But such an assumption cannot be made at this stage in the litigation, as it can be reasonably inferred from Fassbinder's pleadings that Romar was the latter, not the former. See Lazzara, 802 F.2d at 264 (question of whether insurance broker is agent of insured or insurer is generally question of fact); Duignan v. Lincoln Towers Ins. Agency, Inc., 667 N.E.2d 608, 612 (Ill. App. Ct. 1996) (same). Likewise, Romar's contention that any alleged duty it might have owed to Fassbinder ended once it procured the insurance policy is not well taken because the allegations of the third-party complaint give rise to a reasonable inference of a continuous and on-going relationship between Fassbinder and Romar. See American Envtl., Inc. v. 3-J Co., 583 N.E.2d 649, 655 (Ill. App. Ct. 1991) (whether principal-agent relationship between insured and broker has ceased is normally question of fact). And while Romar may be right in theory that anything that happened after it obtained the workers' compensation policy is irrelevant – because an insurer may rescind a policy based only on misrepresentations made during the application process itself and not on what occurs afterwards, see Carroll v. Preferred Risk Ins. Co., 215 N.E.2d 801, 802-03 (Ill. 1966) (holding that insured has duty of good faith to disclose all facts materially affecting the risk during the pendency of the application, including the time after the application is completed but before the policy is issued) – the court does not understand paragraphs 9(b) and 9(c) of Fassbinder's third-party complaint to challenge this principle. Rather than suggest Romar did something wrong after it obtained the policy, it appears Fassbinder meant to include these allegations as merely additional reasons why it believes Romar gave it negligent advice *at the time* the application was completed.

For the reasons stated above, Romar's motion to dismiss is denied.