Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 50330 | **DATE** | 6/19/2002 |
| **CASE TITLE** | UNITED STATES LIABILITY vs. FASSBINDER | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, Fassbinder's motion to strike is denied. Romar's motion to dismiss for improper joinder and lack of subject matter jurisdiction and Romar's motion to sever and stay are denied.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | JUN 20 2002 | 60 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 02 JUN 19 PM 3:59 | 6-19-02 date mailed notice | |
| /SEC | courtroom deputy's initials | Date/time received in central Clerk's Office | SW mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Plaintiff, United States Liability Ins. Co. ("US Liability"), filed an action for recission of a workers' compensation insurance contract against defendant, Fassbinder United Builders, Inc. ("Fassbinder"), in this court based on diversity jurisdiction. 28 U.S.C. § 1332. Fassbinder subsequently filed a third-party complaint against Romar Insurance Service and Robert Wlodarski, individually and d/b/a Romar Insurance Service (collectively, "Romar"). Fassbinder and Romar are both Illinois citizens. The third-party complaint seeks to hold Romar liable, if US Liability is successful in obtaining recission, for "any costs, fees, settlement or awards against [Fassbinder] in the Townsend claim." (Fassbinder Compl. p. 4) Townsend had filed a worker's compensation claim against Fassbinder. The basis for the recission action is misrepresentation in the application. The basis for the third-party complaint is negligence by Romar in preparing the application and assisting Fassbinder in procuring the insurance policy. Romar moved to sever and stay the third-party action. It then filed an additional motion to sever the third-party action and dismiss it for lack of subject matter jurisdiction or in the alternative to sever and stay it. Fassbinder moved to strike the reply brief to the first motion to sever and stay for improperly raising joinder and subject matter jurisdiction for the first time in reply. Since Fassbinder has had an opportunity to address these issues in its brief on the second motion, the motion to strike will be denied.

This court has jurisdiction over the original matter because of diversity of citizenship between US Liability and Fassbinder. No diversity exists between Romar and Fassbinder. However, jurisdiction over the third-party action is proper under the supplemental jurisdiction statute. 28 U.S.C. § 1367(a). Section 1367(a) provides jurisdiction over supplemental claims "that are so related to claims in the action within [the court's] original jurisdiction that they form a part of the same case or controversy under Article III of the United States Constitution." Id. Section 1367(a) allows a pendant party claim that neither arises under federal law nor is supported by diversity. See Stromberg Metal Works, Inc. v. Press Mechanical, Inc., 77 F.3d 928, 931 (7th Cir. 1996); Brazinski v. Amoco Petroleum Additives Co., 6 F.3d 1176, 1181 (7th Cir. 1993). Fassbinder's third-party action arises out of the same application for insurance at issue in the original matter. The facts relating to the creation of the insurance contract, which involve the activities of Fassbinder and Romar are common to both actions. The claims in the original action and the third-party action arise from a "common nucleus of operative fact" and, therefore, form a part of the same case under Article III, see United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966), bringing Fassbinder's third-party action against Romar within the court's supplemental jurisdiction under 28 U.S.C. § 1367(a). Section 1367(b) denies supplemental jurisdiction in diversity cases "over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 . . . when exercising supplemental jurisdiction over such claims would be inconsistent with [diversity jurisdiction]." 28 U.S.C. § 1367(b). This provision does not deprive the court of jurisdiction over Fassbinder's third-party claims since section 1367(b) deals only with the original plaintiffs' third-party claims and not with third-party actions brought by the original defendant. See Fidelity & Guaranty Ins. Co. v. Reb Steel Equip. Corp., No. 98 C 2183, 2000 WL 88688, *2-3 (N.D. Ill. Jan. 21, 2000) (Grady, J.)

Romar also seeks dismissal claiming improper joinder. Third-party actions are controlled by Fed. R. Civ. P. 14. While Rule 14 is silent as to the time for moving to dismiss an action brought under it, a challenge should be made as soon as possible, Wright, Miller & Kane, Federal Practice & Procedure, § 1460, p. 461 (1990), and is directed to the court's discretion. See Id.; cf. Highlands Ins. Co. v. Lewis Rail Serv. Co., 10 F.3d 1247, 1251 (7th Cir. 1993) (court has discretion whether to allow third-party complaint) Romar first raised this issue twelve months after the third-party complaint was filed and after making and losing a Rule 12(b)(6) motion to dismiss, filing a motion to sever and stay and filing an answer which did not raise the joinder issue. Considering the time that has elapsed since the filing of the third-party complaint and the opportunities Romar has had to raise this issue earlier, the court will exercise its discretion under Rule 14 and deny the motion to dismiss for improper joinder as untimely.[1]

Romar has also moved to sever and stay the third-party action. Romar's main argument is that it should be spared going to trial because judgment in Fassbinder's favor on US Liability's claim in the main action would render the third-party action moot. Fassbinder only has a claim if it loses coverage due to a judgment granting recission. While this is true, it is the normal case for third-party actions which are premised on the third-party defendant being liable to the third-party plaintiff because the plaintiff succeeds on its claim against the defendant-third-party plaintiff. See Fed. R. Civ. P. 14(a). Romar also cites its demand for a jury trial while the main action will be a bench trial, the possibility Fassbinder may not be liable for Townsend's workers' compensation claim and that it would be costly to Romar to have to defend. Romar has not cited any authority for its position. On the other side, Fassbinder and the court face the prospect of two trials involving several overlapping witnesses if a severance and stay are granted pending trial of the main action. Weighing these factors, the court finds judicial economy is served without significant prejudice to Romar by denying severance.

For the foregoing reasons, Fassbinder's motion to strike is denied. Romar's motion to dismiss for improper joinder and lack of subject matter jurisdiction and Romar's motion to sever and stay are denied.

---

[1] The court notes that on the merits Romar argues improper joinder under Rules 19 and 20. However, Rule 14 governs third-party actions. Rule 14's purpose is to avoid circuitous and multiple suits and courts have allowed third-party actions by an insured against an agent for any liability the insured would incur if the insurer was successful in voiding the policy, United of Omaha Life Ins. Co. v. Reed, 649 F.Supp. 837, 842 (D. Kan. 1986), and against an investment broker, whose employee assisted in filling out an insurance application, for the face amount of the policy if insurer succeeded in voiding the policy for misrepresentations in the application. Monarch Life Ins. Co. v. Donahue, 702 F. Supp. 1195, 1197-98 (E.D. Penn. 1989). The court would be inclined to follow these cases and allow the third-party claim if it reached the merits.