Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 50330 | **DATE** | 2/12/2003 |
| **CASE TITLE** | US LIABILITY vs. UNITED BUILDER | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   For the reasons stated on the reverse Memorandum Opinion and Order, Romar's motion for summary judgment is granted on the third-party complaint. Fassbinder's motion for summary judgment on the original action is denied. USLI and Fassbinder are ordered to schedule an appearance before the magistrate within 30 days to determine whether a settlement conference or mediation would be appropriate.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | FEB 1 2 2003 | |
| | Notified counsel by telephone. | | date docketed | 80 |
| X | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| X | Copy to judge/magistrate judge. | | FEB 1 2 2003 | |
| /SEC | courtroom deputy's initials | '03 FEB 12 AM 8:49 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Plaintiff, United States Liability Ins. Co. ("USLI"), claiming a material misrepresentation in an application for insurance, filed an action for recission of a workers' compensation insurance contract against defendant, Fassbinder United Builders, Inc. ("Fassbinder") in this court based on diversity jurisdiction. 28 U.S.C. § 1332. USLI is incorporated and has its principal place of business in Pennsylvania. Fassbinder was at the time of the commencement of this case, which is the relevant time for determining jurisdiction, see Wild v. Subscription Plus, Inc., 292 F.3d 526, 528 (7th Cir.), cert. denied, __ U.S. __, 123 S.Ct. 619 (2002), incorporated and had its principal place of business in Illinois. After filing a third-party complaint against Romar Insurance Service and Robert Wlodarski, individually and d/b/a Romar Insurance Service (collectively, "Romar"), Fassbinder was dissolved. The third-party complaint seeks to hold Romar liable, if USLI is successful in obtaining recission, for "any costs, fees, settlement or awards against [Fassbinder] in the Townsend claim." (Fassbinder Compl. p. 4) Townsend had filed a worker's compensation claim against Fassbinder. The basis for the recission action is misrepresentation in the application. The basis for the third-party complaint is negligence by Romar in preparing the application and assisting Fassbinder in procuring the insurance policy. The court has supplemental jurisdiction over the third-party complaint. 28 U.S.C. § 1367 (a). Romar moves for summary judgment on the third-party claim arguing that there was no misrepresentation in the application (Fassbinder agrees with this point and has filed its own motion for summary judgment in the original action on this theory), and in the alternative, if there was, it was Fassbinder's not Romar's fault. USLI has filed a response to Romar's summary judgment motion arguing that the application did contain misrepresentations. The court, in a March 29, 2001, order previously denied USLI's motion for summary judgment against Fassbinder in the original action because of genuine issues of material fact concerning whether there had been misrepresentations on the application.

Nothing presented in Romar's motion for summary judgment, or in response to that motion, leads to a different conclusion on the issue of misrepresentations in the application than the court reached on USLI's prior motion. In Illinois, a misrepresentation on an insurance application is "a statement of something as a fact which is untrue and affects the risk undertaken by the insurer." Styzinski v. Union Security Life Ins. Co., 772 N.E.2d 888, 893 (Ill. App. Ct. 2002) quoting, Ratcliffe v. Int'l Surplus Lines Ins. Co., 550 N.E.2d 1052, 1057 (Ill. App. Ct. 1990). Here, the truthfulness of Fassbinder's answers to certain questions about the nature of its business is in dispute. The evidence is conflicting on exactly what the nature of Fassbinder's business was during the pendency of the insurance application. The court cannot resolve that conflict on summary judgment, see EEOC v. Sears, Roebuck & Co., 233 F.3d 432, 436 (7th Cir. 2000), and the resolution of that conflict is essential to determining whether there was a misrepresentation on the application.

Romar also contends it is entitled to summary judgment because it is undisputed Fassbinder did not advise Romar that Fassbinder was engaging in general contracting during the application period. Fassbinder argues Romar was aware of the general contracting activities because Romar obtained builder's risk insurance for Fassbinder for the construction of two homes by Fassbinder. Fassbinder also asserts Romar was aware of the general contracting activities because on the same day Romar submitted the insurance application to USLI for worker's compensation coverage Romar submitted an application to Penn American for a CGL policy which listed Fassbinder as a "contractor." The CGL policy issued by Penn American lists Fassbinder's business as "General Contractor (Residential)."

Fassbinder is essentially arguing Romar, because it was Fassbinder's agent, should have realized that USLI would consider Fassbinder's workers' compensation application to contain misrepresentations about the nature of Fassbinder's business because Romar knew Fassbinder had engaged in general contracting on one house (Loch Glen) and later engaged in general contracting on another (Turnberry), despite the fact both Fassbinder and Romar did not believe at the time Fassbinder applied for the workers' compensation insurance that Fassbinder was going to engage in general contracting during the policy period .

An insurance agent must exercise competence and skill when it procures insurance coverage and may be liable if it fails to follow instructions, or if the policy is materially defective or "if the principal suffers damage due to any mistake or act of commission or omission of the agent which constitutes a breach of duty to the principal . . . ." Perelman v. Fisher, 700 N.E.2d 189, 192 (Ill. App. Ct. 1998). The undisputed evidence is that Romar assisted Fassbinder in obtaining workers' compensation insurance as a concrete contractor which is exactly what Fassbinder maintains it was and intended to be at the time of the application. Romar cannot be liable because it failed to foresee Fassbinder's acting as a general contractor in the future when Fassbinder specifically disclaims it had any intent to be a general contractor at the time of the application. The fact Romar obtained builder's risk insurance for Fassbinder to cover construction of the Loch Glen home for a policy period 12/3/97 to 3/3/98 and renewed from 3/3/98 to 5/3/98 does not alter the fact Fassbinder says this home was completed in March 1998. (LR 56.1 (b) ¶D3) The evidence shows Romar obtained Fassbinder the insurance it was seeking.

For the foregoing reasons, Romar's motion for summary judgment is granted on the third-party complaint. Fassbinder's motion for summary judgment on the original action is denied. USLI and Fassbinder are ordered to schedule an appearance before the magistrate within 30 days to determine whether a settlement conference or mediation would be appropriate.